UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMSARA INC., <br><br> Petitioner, <br><br> v. <br><br> J.P. MORGAN SECURITIES LLC, <br><br> Respondent. | C.A. No. 1:25-mc-00593 <br><br> Related to *Motive Technologies, Inc. v. Samsara Inc.*, No. 3:24-cv-00902-JD (N.D. Cal.) |

**SAMSARA'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO COMPEL DISCOVERY FROM NON-PARTY J.P. MORGAN
SECURITIES LLC**

## INTRODUCTION

Movant Samsara Inc. respectfully requests that this Court compel respondent J.P. Morgan Securities LLC to comply with a non-party subpoena relevant to *Motive Technologies, Inc. v. Samsara Inc.*, No. 3:24-cv-00902-JD (N.D. Cal.) (the "Underlying Litigation"). Samsara asks that JPMorgan be required to produce a limited set of documents that are solely in its possession and cannot be obtained through other means. These documents are directly relevant to the existence and extent of the harm alleged in the Underlying Litigation.

JPMorgan does not dispute their relevance or claim that production would be unduly burdensome. Instead, JPMorgan merely argues without support that production from non-parties at this stage would be premature. In addition, despite Samsara's numerous offers to compromise, including narrowing its requests and offering that JPMorgan can provide a declaration if no responsive documents exist, JPMorgan has refused. JPMorgan should be compelled to produce the requested documents now. Alternatively, Samsara requests that this matter be transferred to the Northern District of California pursuant to Federal Rule of Civil Procedure 45(f).

## RELEVANT BACKGROUND

The Underlying Litigation involves patent infringement and non-patent causes of action. *See* Ex. 1[1] (Compl.). Specifically, on February 15, 2024, Motive filed the Underlying Litigation asserting infringement of U.S. Patent No. 11,875,580 and non-patent causes of action. On May 15, 2025, Motive moved to amend its complaint to allege infringement of two additional patents: U.S. Patent Nos. 12,062,243 and 12,136,276. On July 9, 2025, Motive filed a Second Amended Complaint ("SAC") after it was granted leave to do so. Ex. 2 (Dkt. 107, SAC). Discovery has

---

[1] The exhibits cited herein are attached to the Declaration of Ryan Iwahashi ("Iwahashi Decl.") submitted herewith.

begun. The parties have exchanged initial disclosures, infringement and invalidity contentions, and discovery requests. The parties have also served a number of third-party subpoenas.

On October 14, 2025, Samsara served a document subpoena on JPMorgan in this District in connection with the Underlying Litigation. Ex. 3 (Samsara's Rule 45 Subpoena to JPMorgan). JPMorgan served its responses and objections on November 14, 2025. Ex. 4 (JPMorgan's R&Os). Over the course of its correspondence with JPMorgan concerning the subpoena, Samsara has substantially narrowed the documents it seeks. Ex. 5; Iwahashi Decl., ¶7. Samsara has also told JPMorgan that, if no such responsive documents exist, JPMorgan could submit a declaration stating the same. Iwahashi Decl., ¶7. To date, JPMorgan has refused all of these proposals. *Id*.

Counsel for Samsara met and conferred with counsel for JPMorgan via video conference on December 2, 2025 in an attempt at resolving this dispute but no resolution was reached. Iwahashi Decl., ¶8.

**ARGUMENT**

**I.      JPMorgan Should Be Compelled to Comply With the Subpoena**

Samsara respectfully requests the Court's intervention to compel JPMorgan to comply with Samsara's subpoena by producing responsive documents at least by **January 23**. Samsara has complied with the requirements of Federal Rule of Civil Procedure 45 because Samsara has narrowly tailored its requests to seek only relevant information proportional to the needs of the Underlying Litigation, and because the subpoena does not impose undue burden or cost on JPMorgan.

Samsara should not be denied relevant discovery simply because, as JPMorgan simply contends without support, that discovery from non-parties is premature. As detailed below, the documents that Samsara seeks from JPMorgan are relevant not only to whether Motive suffered

harm from Samsara's accused actions in the Underlying Litigation, but also to how much harm Motive suffered. Thus, discovery from JPMorgan is necessary for Samsara to evaluate potential damages for Motive's claim, and may allow for earlier settlement. Accordingly, JP Morgan should be compelled to produce these documents now during fact discovery, because Samsara cannot obtain them through other means.

### A. The Requested Documents Are Directly Relevant to the Claims at Issue and Solely in JPMorgan's Possession

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Relevance" under Rule 26 is to be "'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *3 (S.D.N.Y. July 14, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Nonparties are subject to this same scope of discovery. *City of Almaty, Kazakhstan v. Sater*, 2022 WL 769213, *2 (S.D.N.Y. Feb. 24, 2022) (citing *First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 21 (2d Cir. 1998)).

Samsara seeks a limited category of documents from JPMorgan that are directly relevant to the claims in the Underlying Litigation and are solely in the possession of JPMorgan. Specifically, Samsara seeks the production of: (1) JPMorgan's underwriter files for Motive, including all versions of the S-1 prepared for Motive, including confidential versions; (2) any internal communications or documents discussing Samsara, the 2023 Virginia Tech Transportation Institute Study ("VTTI Study"), or the 2021 Strategy Analytics Study commissioned by Motive ("Strategy Analytics Study"); and (3) any internal communications with third parties other than

3

Motive discussing Samsara, the VTTI Study, or the Strategy Analytics. *See* Ex. 3 at Requests Nos. 11 and 18 in the Subpoena.

Motive has made these categories of documents relevant in the Underlying Litigation at least given Motive's defamation and unfair competition claims against Samsara. Ex. 2 (Dkt. 107) ¶¶ 224-237 (Seventh Cause of Action – Defamation). Motive has alleged that "Samsara's publication of the false and defamatory statements cited herein have proximately caused Motive to suffer monetary damages in an amount to be determined at trial." *Id*., ¶¶ 134-140, 233. For example, Motive alleges that "Samsara falsely claimed that Strategy Analytics' test results were not reliable and were 'rigged' to favor Motive." *Id*., ¶ 125. According to Motive, Samsara made "a number of false and misleading statements about the [VTTI Study's] methodology and results." *Id*., ¶ 132. Thus, Motive's claims in the Underlying Litigation have put at issue whether Samsara's allegedly false statements regarding Motive, the Strategy Analytics Study, and the VTTI Study caused monetary harm to Motive. These allegations also form the basis for its Unfair Competition Law Claim under California Civil Code § 17200. *Id*., ¶¶ 194-200 (Fourth Cause of Action - Violation of California Unfair Competition Law, Cal. Civ. Code § 17200). In sum, the purported harm caused by Samsara's allegedly false statements regarding Motive, the Strategy Analytics Study, and the VTTI Study are directly at issue in at least two of Motive's causes of action.

Because Motive is a privately owned company, its valuation by JPMorgan is directly relevant to any alleged harm. Specifically, the underwriter files for Motive are expected to include information directly relevant to whether JPMorgan considered statements by Samsara and the VTTI Study in its valuations of Motive and whether those statements affected the valuation. Similarly, JPMorgan's internal and third-party communications would also be directly relevant to Motive's defamation claims because it would show whether JPMorgan was concerned with

Samsara's allegedly false statements and whether it considered that in its valuation. These categories of documents are not available by other means.

### B. The Subpoenas Do Not Impose an Undue Burden on JPMorgan

JPMorgan has the burden of showing that compliance with the subpoena would impose an undue burden or cost. *Delgado v. Donald J. Trump for President, Inc.*, 2024 WL 3730499, at *2 (S.D.N.Y. May 13, 2024). "[I]nconvenience alone" will not relieve JPMorgan of its obligations under Rule 45. *Jam Indus. USA, LLC v. Gibson Brands, Inc.*, 2020 WL 4003280, at *3 (S.D.N.Y. July 15, 2020). If JPMorgan asserts that the subpoena presents an undue burden, it must provide "specific information regarding the manner and extent of the burden and the injurious consequences of insisting upon compliance." *Kirschner v. Klemons*, 2005 WL 1214330, at *3 (S.D.N.Y. May 19, 2005). "[C]onclusory assertion[s]" regarding burden will not suffice. *Jam Indus. USA Inc., LLC v. Gibson Brands, Inc.*, 2020 WL 4003280, at *4 (S.D.N.Y. July 15, 2020).

JPMorgan has never suggested that compliance with the subpoena would be "unduly burdensome." Nor could it. Samsara has substantially narrowed the documents it seeks to only three categories: (1) the underwriter files for Motive, including all versions of the S-1 prepared for Motive, including confidential versions; (2) any internal communications or documents discussing Samsara, the VTTI Study, or the Strategy Analytics Study; and (3) any internal communications with third parties other than Motive discussing Samsara, the VTTI Study, or the Strategy Analytics Study. The underwriter files are likely stored in a single location and could be collected easily. The other documents are limited to documents related to Samsara, the Strategy Analytics Study, and the VTTI study, and can likely be identified with simple searches.

Samsara has tried to make compliance with the subpoena even *less* burdensome for JPMorgan. For example, Samsara has told JPMorgan that, if no such documents exist, JPMorgan

5

could provide a declaration stating the same.  JPMorgan, however, has refused.  Accordingly, JPMorgan should be compelled to produce the three requested categories of documents now.

### II. Alternatively, This Dispute Should Be Transferred to the Issuing Court

Samsara brings this motion in the Southern District of New York because it is the "court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.").  It is appropriate under Rule 45(f), however, to transfer this motion to the Northern District of California, where the Underlying Litigation is pending.  That court has already handled discovery disputes between the parties and is familiar with the non-patent and patent infringement causes of action.  *See, e.g., J.P. Morgan Sec. LLC v. Baron Cap. Mgmt., Inc.*, Case No. 1:25-mc-00022-AS, Dkt. 24 (S.D.N.Y. Jan. 23, 2025) (granting transfer because, *inter alia*, "[t]he Court sees no reason to involve itself in" a litigation that another court "is actively overseeing, especially when that other court has crucial background knowledge about the case that this Court does not"); *Amyndas Pharms. Single Member P.C. v. Alexion Pharms., Inc.*, 2023 WL 8280973, at *1 (S.D.N.Y. Nov. 30, 2023) (granting transfer because, *inter alia*, the issuing court "establish[ed] and modif[ied] a discovery schedule" and "has ruled on several discovery motions that are pertinent to the disputed subpoenas").  Thus, as an alternative to this Court's order compelling JPMorgan to comply with the subpoena, Samsara requests a transfer of this motion to the court in which the Underlying Litigation is pending.

### CONCLUSION

For the foregoing reasons, Samsara respectfully requests that this Court compel JPMorgan to produce the documents requested in Samsara's subpoena, as narrowed by Samsara, by **January 23**.  In the alternative, Samsara requests a transfer of this matter to the issuing court pursuant to

Rule 45(f).

DATED: December 19, 2025        Respectfully submitted,


                                /s/ *Benu Wells*

                                Benu Wells
                                (admitted in the Southern District of New York)
                                **Gish PLLC**
                                benu.wells@gishpllc.com
                                41 Madison Ave, Floor 31
                                New York, NY 10010
                                Phone: (212) 518-2000

                                Ryan Kiyoto Iwahashi
                                **Gish PLLC**
                                ryan@gishpllc.com
                                50 California Street, Suite 1500
                                San Francisco, CA 94111
                                Phone: (415) 630-2000

                                *Attorneys for Movant-Defendant Samsara Inc.*

**WORD COUNT CERTIFICATION**

The undersigned hereby certifies that, pursuant to Local Rule 7.1(c), this Memorandum of Law in Support of Petitioner's Motion to Compel Deposition and Production of Documents contains 1,778, counted using Microsoft Word's word count feature.

Dated: New York, New York
December 19, 2025

/s/ *Benu Wells*

Benu Wells
(admitted in the Southern District of New York)
**Gish PLLC**
benu.wells@gishpllc.com
41 Madison Ave, Floor 31
New York, NY 10010
Phone: (212) 518-2000

Ryan Kiyoto Iwahashi
**Gish PLLC**
ryan@gishpllc.com
50 California Street, Suite 1500
San Francisco, CA 94111
Phone: (415) 630-2000

*Attorneys for Plaintiff Samsara Inc.*